The Honorable Billy Joe Purdom State Representative HCR 66, Box 34 Yellville, AR 72687
Dear Representative Purdom:
This is in response to your request for an opinion regarding act 1048 of 1987. You have asked the following specific questions:
 1. Does this legislation affect county supervisors only or are the secretaries also included?
 2. If a county supervisor or a county secretary already has a one or two year contract, is this contract void or is someone liable for it?
 3. What is the deadline for the majority of schools to vote to abolish the supervisor's position, or can they do it at any time, say the middle of the year or whenever?
I assume that these questions are in relation to Section 15 of the Act. It appears, in response to your first question, that the County School Supervisor is the ex-officio Secretary of the County Board of Education pursuant to Ark. Stat. Ann. 80-215 (Repl. 1980). To the extent that the powers and duties of the office of "Secretary" are contained within the "Supervisor" position, the Secretary is of necessity also affected by Section 15 of Act 1048. The Act would not, however, appear to affect a Secretary employed pursuant to Ark. Stat. Ann. 80-235 (Repl. 1980) which enables the County Board of Education to employ a Secretary following its abolition of the Supervisor position.
In response to your second question, it is unlikely that a court would deem the contract void simply by virtue of the Boards' decision to abolish the office. The County School Boards' power and authority to abolish the office of County School Supervisor was established pursuant to Act 159 of 1957 (Ark. Stat. Ann. 80-235 (Repl. 1980)). Persons hired subsequent to the effective date of this Act are bound by its provisions, and therefore cannot argue that they should be permitted to serve for the remainder of their contract. This is due to the established maxim that laws in force when a contract is made are to be regarded as entering into and forming a part of the contract. Waldon v. Holland, 206 Ark. 401,175 S.W.2d 570 (1943). If the office is abolished during the term of the contract, however, a court would likely permit recovery of monetary damages to the extent the office holder successfully proved loss of salary. While the Act clearly confers the authority to abolish the office, it does not address issues arising from contracts that are in place. This assumes, of course, that the contract is silent on this question.
Your final question involves the time frame during which the school boards must vote to abolish the Supervisor position. Act 1048 contains no restriction or guidance in the regard. Nor is any such guidance found in previously enacted provisions involving the abolition of this office. It would appear that the boards have discretion in this area. However, the school board's decision may, from a practical standpoint, be influenced by the term of the current Supervisor's contract.
We hope that the foregoing is of assistance. If there exist other material facts outside those contained in your April 21, 1987 request, corresponding modification of this opinion may be necessary.
The foregoing opinion, which I hereby approve, was prepared by Assistant Attorney General Elisabeth A. Walker.